IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

CHARLES RILEY and GEORGIA RILEY, as Natural Parents of, CHARLES GREGORY RILEY, deceased; BRANDI RILEY, as Surviving Spouse of, CHARLES GREGORY RILEY, deceased; NATHAN COLE RILEY, KELSIE NACOLE RILEY, LEEAOASHA LYNN BAIN, O.J.R., a minor, by and through her Next Friend and Natural Mother, BRANDI RILEY, and O.M.R., a minor, by and through her Next Friend and Natural Mother, BRANDI RILEY, as Surviving Children of, CHARLES GREGORY RILEY, deceased;

Plaintiffs,

vs.

RANDOLPH COUNTY; et. al.,

Defendants.

Cause No. 2:11cv0006 JCH
**JURY TRIAL DEMANDED**

**FIRST AMENDED COMPLAINT**

**FACTS COMMON TO ALL CAUSES**

1. Charles Riley is the father of the decedent, Charles Gregory Riley, and pursuant to Section 537.080.1 of the Revised Statutes of Missouri, Plaintiff is entitled to bring an action for the wrongful death of his son.

2. Georgia Riley is the mother of the decedent, Charles Gregory Riley, and pursuant to Section 537.080.1 of the. Revised Statutes of Missouri, Plaintiff is entitled to bring an action for the wrongful death of his son.

3. Brandi Riley is the spouse of the decedent, Charles Gregory Riley, and pursuant to Section 537.080.1 of the Revised Statutes of Missouri, Plaintiff is entitled to bring an action for





the wrongful death of her husband.

4. Nathan Cole Riley, is the son of the decedent, Charles Gregory Riley, and pursuant to Section 537.080.1 of the Revised Statutes of Missouri, Plaintiff is entitled to bring an action for the wrongful death of his father.

5. Kelsie Nacole Riley, is the daughter of the decedent, Charles Gregory Riley, and pursuant to Section 537.080.1 of the Revised Statutes of Missouri, Plaintiff is entitled to bring an action for the wrongful death of her father.

6. Leeaoasha Lynn Bain, is the daughter of the decedent, Charles Gregory Riley, and pursuant to Section 537.080.1 of the Revised Statutes of Missouri, Plaintiff is entitled to bring an action for the wrongful death of her father.

7. O.J.R., is the minor daughter of the decedent, Charles Gregory Riley, and pursuant to Section 537.080.1 of the Revised Statutes of Missouri, Plaintiff is entitled to bring an action for the wrongful death of her father by and through her next friend and natural mother Brandi Riley.

8. O.M.R., is the minor daughter of the decedent, Charles Gregory Riley, and pursuant to Section 537.080.1 of the Revised Statutes of Missouri, Plaintiff is entitled to bring an action for the wrongful death of her father by and through her next friend and natural mother Brandi Riley.

9. The decedent, Charles Gregory Riley, was at the time of his death residing at 1314 Quinn, Moberly, Missouri, 65270.

10. The decedent, Charles Gregory Riley, died on or about June 2, 2009 as a result of using a bed sheet to cut off his air supply in a holding cell at the Randolph County Justice Center.

11. Defendant Randolph County is a political subdivision within the state of Missouri.

12. Defendant Mark Nichols is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Mark Nichols was a duly appointed and acting police officer employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

13. Defendant Bobbie Smith is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Bobbie Smith was a duly appointed and acting jailer employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. She is sued in his official and unofficial capacity.

14. Defendant Anthony Ratliff is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Anthony Ratliff was a duly appointed and acting jailer employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

15. Defendant Steve Holman is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Steve Holman was a duly appointed and acting jailer employed by Randolph County, Missouri. As such Defendant

officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

16. Defendant Christopher Wertz is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Christopher Wertz was a duly appointed and acting jailer employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

17. Defendant Jeffrey Wright is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Jeffrey Wright was a duly appointed and acting jailer employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

18. Defendant Gerald Luntsford is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Gerald Luntsford was employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

19. Defendant R.C. Taylor is, and at all times mentioned was, a resident of Randolph

County, Missouri. At all times relevant to this action, Defendant R.C. Taylor was a duly appointed and acting police officer employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

20. Defendant Jake Holloway is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Jake Holloway was a duly appointed and acting police officer employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

21. Defendant Captain Thomas (badge #552) is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Captain Thomas (badge #552) was a duly appointed and acting police officer employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

22. Defendant Aaron Wilson is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Aaron Wilson was a duly appointed and acting police officer employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

23. Defendant Dennis Palmer is, and at all times mentioned was, a resident of Randolph County, Missouri. At all times relevant to this action, Defendant Dennis Palmer was a duly appointed and acting police officer employed by Randolph County, Missouri. As such Defendant officer was a duly appointed agent authorized to enforce the laws of Missouri, and was so acting under color of the law of the State of Missouri at all times relevant to this action. He is sued in his official and unofficial capacity.

24. Defendants John Doe and/or Jane Doe 1-10 are political subdivisions, entities, departments or agencies or are employees or agents of the Defendants above who at all times mentioned herein, were employed by, and/or acting on behalf of said municipalities or counties, as their agents, servants and employees and were involved with the custody, care, and/or treatment of the decedent Charles Gregory Riley at or near the date of his death on June 2, 2009, and these individuals are sued in their official and unofficial capacities.

25. The decedent, Charles Gregory Riley, was arrested on May 10, 2009 by Defendant Aaron Wilson for assault. While being arrested, the decedent, Charles Gregory Riley, attempted to commit suicide by ingesting bug spray.

26. While in confinement for the arrest outlined in the preceding paragraph, the decedent, Charles Gregory Riley, attempted to commit suicide by hanging himself with a belt.

**COUNT I**

**WRONGFUL DEATH OF CHARLES GREGORY RILEY PURSUANT TO TITLE II, SECTION 1983 U.S.C.A.**

27. Plaintiffs incorporate herein by reference paragraphs 1 through 26 of the complaint as though the same were set out at length herein.

28. Plaintiffs and the decedent, Charles Gregory Riley, at all times mentioned herein were citizens of the United States and residents of the State of Missouri.

29. Plaintiffs bring this cause of action pursuant to United States Code, Title 42, Section 1983 et. seq. to redress deprivation by the Defendants under color of state law of the rights, privileges, and immunities secured by the statutes and the constitution of the United States of America.

30. Defendants, acting under the color of state law, recklessly, in a gross and negligent manner, and with deliberate indifference to Plaintiffs and decedent's rights, privileges and immunities, failed to protect the decedent Charles Gregory Riley from harm and failed to provide the decedent with necessary medical care and protective services.

31. Defendants failed to follow their own internal policies and practices as well as statutory requirements and regulations designed to protect the decedent, Charles Gregory Riley, and failed to provide him with the level of care and protection required by law.

32. Defendants, through its servants and employees, carelessly, negligently and unskillfully failed and neglected to give decedent, Charles Gregory Riley, the care and attention which he required and failed and neglected to guard and watch the decedent adequately.

33. Defendants carelessly, negligently and unskillfully failed to promulgate and/or adopt a comprehensive suicide prevent program which takes into consideration staff training; intake screening/assessment; housing; levels of supervision; intervention; and administrative review.

34. The Defendants carelessly, negligently and unskillfully allowed the decedent, Charles Gregory Riley, to remain alone and unguarded for an extended period of time in the cell in the Randolph County Justice Center, so that the decedent would have the opportunity to commit suicide.

35. On June 2, 2009, while Charles Gregory Riley was confined alone in the above

mentioned cell, without any attendant, watch or guard for an extended period of time, Defendants negligently failed to prevent Charles Gregory Riley from committing suicide.

36. The death of Charles Gregory Riley was directly caused by the negligence, carelessness and unskillfullness of the Defendants in leaving Charles Gregory Riley alone for an extended period of time when the Defendants knew, or by the exercise of ordinary care should have known that it was dangerous and unsafe to confine Charles Gregory Riley alone without any watch or guard in a room where there was a means at hand for suicide.

37. Defendant Randolph County failed to meet their obligations to monitor conditions and policies of the Randolph County Justice Center and said failure to adequately monitor was deliberately indifferent to the Constitutional rights of Randolph County Justice Center detainees, including decedent, Charles Gregory Riley.

38. That all times mentioned herein Defendants acted negligently, recklessly, with gross negligence and deliberate indifference to the needs of Charles Gregory Riley in one or more of the following particulars by:

a. Failing to provide adequate supervision to the decedent, Charles Gregory Riley;

b. Failing to investigate and insure proper supervision for the decedent, Charles Gregory Riley;

c. Failing to provide adequate medical care to the decedent, Charles Gregory Riley;

d. By failing to communicate the decedent Charles Gregory Riley's medical needs to fellow officers and other agencies upon transfer of the care, custody and control of decedent, Charles Gregory Riley;

e. By permitting the decedent, Charles Gregory Riley, to have bed sheets and other items by which he could injure himself;

f. By failing to adequately monitor the decedent, Charles Gregory Riley;

g. Negligently, carelessly and recklessly failing to make any search of the decedent Charles Gregory Riley and to confiscate anything which he could use to injure himself, including a bed sheet;

h. Negligently, carelessly and recklessly failing to take the bed sheets from Charles Gregory Riley;

i. Negligently carelessly and recklessly failing to make cell checks of Charles Gregory Riley and to provide adequately for his safety, safekeeping and well being;

j. Negligently, carelessly and recklessly failing to restrain and constantly supervise Charles Gregory Riley when they knew, or had reason to know that he was a suicidal risk;

k. Negligently, carelessly and recklessly failing to take seriously and ignoring the communications from Charles Gregory Riley that he was a suicidal risk and failing to take any measures whatsoever to prevent his suicide;

l. By failing to adopt a comprehensive suicide prevention program;

m. By failure to adequately train, supervise and monitor employees and other staff members;

n. By failure to initiate appropriate intake screening and/or assessment of the decedent, Charles Gregory Riley;

o. Failure to insure adequate and safe housing of the decedent, Charles Gregory Riley;

p. Failure to initiate the appropriate level of supervision of Charles Gregory Riley;

q. Failure to appropriately and timely intervene in the suicide of Charles Gregory Riley;

r. Failure to initiate an administrative review of the events immediately prior to and subsequent to the suicide of Charles Gregory Riley;

s. Negligently, carelessly and recklessly failing to take seriously and ignoring the decedent Charles Gregory Riley's past suicide attempts and attempts to do serious harm to himself;

t. Negligently, carelessly and recklessly failing to take seriously and ignoring the decedent Charles Gregory Riley's serious mental health problems;

u. Negligently, carelessly and recklessly failing to take seriously and ignoring the decedent Charles Gregory Riley's past hospitalizations for mental/emotional problems.

v. Negligently, carelessly and recklessly placing the decedent Charles Gregory Riley in a cell with multiple metal tie off points which the decedent could and did use to kill himself;

39. As a direct result of the actions and inactions of Defendants, the decedent Charles Gregory Riley, was subject to physical and emotional deprivation and inadequate medical care.

40. As a direct result of the actions and inactions of Defendants, the decedent, Charles Gregory Riley, sustained a severe and violent injury by hanging which resulted in his death on June 2, 2009, while in the care custody and control of Randolph County, Missouri.

41. Decedent, Charles Gregory Riley, has been subject to extreme emotional and psychological distress in that he suffered and endured humiliation, mental anguish, depression and fear while in the care, custody and control of Defendants.

42. The decedent, Charles Gregory Riley, was deprived of appropriate medical care while in the care, custody and control of Defendants.

43. The decedent, Charles Gregory Riley, was caused to suffer physical and mental pain, from the time of his injuries until his death, and was deprived of life and liberty as a result of Defendants' actions and/or inactions.

44. Plaintiffs are entitled to recover damages in excess of the minimum jurisdictional limits of this court.

45. At all times mentioned herein, the circumstances given rise to the death of Charles Gregory Riley, were attendant by aggravating circumstances in that the acts of Defendants were negligent, careless, grossly negligent, imprudent, reckless and totally without thought as to the safety and welfare of others and with complete indifference to or conscious disregard for the safety of others.

46. Plaintiffs are entitled to an order of reasonable attorney's fees necessarily incurred in this action.

WHEREFORE, Plaintiffs pray for judgment on Count I against Defendants, jointly and severally, in an amount that is fair and reasonable for their damages, together with any lawful

interest, costs, punitive damages, attorney's fees and for such other relief as the court deems just and proper.

**COUNT II**

**DANGEROUS CONDITION OF PUBLIC ENTITY'S PROPERTY**

47. Plaintiffs incorporate herein by reference paragraphs 1 through 46 of the complaint as though the same were set out at length herein.

48. Charles Gregory Riley was placed in custody in the Randolph County Justice Center.

49. The architectural design of the cell in which the decedent, Charles Gregory Riley, was held in the Randolph County Justice Center was defective in that said room contained exposed metal hangers and/or other protrusions that created a dangerous condition in the cell, which is public property, which would enable an inmate to hang himself in the cell.

50. Charles Gregory Riley's death was caused by the dangerous condition of the cell in which he was confined in the Randolph County Justice Center.

51. The said dangerous condition as referenced in the previous paragraphs in the Randolph County Justice Center cell created a reasonably foreseeable risk of the kind of injury and death that occurred to Charles Gregory Riley, taking into consideration the standard of care that would be applicable to foreseeable users of the property, such as Plaintiffs' decedent, a person who was suicidal and incapable of caring for his own safety.

52. The negligent and/or wrongful acts or omissions of the Defendants, and each of them created the dangerous condition.

53. The Defendants knew or by using ordinary care, could have known of the dangerous condition in time to remedy such condition.

54. Further Defendants failed to use ordinary care to remedy said dangerous condition or to have taken measures to protect against the dangerous conditions prior to the injury and death of Plaintiffs' decedent.

55. Defendants and each of them, owed decedent, Charles Gregory Riley, a foreseeable user of the Randolph County Justice Center cell, a duty of due care to prevent foreseeable harm.

56. Defendants were negligent and/or reckless when they, among other things, failed to adequately protect the decedent who was unable to care for his own safety, from foreseeable harm in the Randolph County Justice Center.

57. As a result of Defendants actions and/or inactions, previously described, decedent Charles Gregory Riley committed suicide.

WHEREFORE, Plaintiffs request relief as follows;

(a) For an order requiring Defendants to remove said exposed metal hangers and other protrusions in the cells of the Randolph County Justice Center; and also for an order requiring Defendants to adopt a comprehensive suicide prevention program as promulgated in either the American Correctional Association Standards or the National Commission on Correctional Healthcare Standards or similar standards which include appropriate staff training; intake screening/assessment; housing of inmates; appropriate levels of supervision of inmates; suicide intervention methods; and administrative review procedures in the event of further suicide attempts;

(b) A judgment against Defendants, jointly and severally, in an amount that is fair and reasonable for their damages, together with any lawful interest, costs, punitive damages, reasonable attorney's fees pursuant to 42 U.S.C.A. Section 1988; and for

such other and further relief as the court may deem just and proper.

**COUNT III**

**WRONGFUL DEATH OF CHARLES GREGORY RILEY PURSUANT TO SECTION 537.080 et. seq., REVISED STATUTES OF MISSOURI**

58. Plaintiffs incorporate herein by reference paragraphs 1 through 57 of the complaint as though the same were set out at length herein.

59. Charles Gregory Riley, deceased was the biolOgical son of Plaintiff Charles Riley.

60. Charles Gregory Riley, deceased was the biological son of Plaintiff Georgia Riley.

61. Charles Gregory Riley died on June 2, 2009, while under the care, custody, and control of the Defendant Randolph County.

62. Defendants, through their departments, employees or agents were aware of the decedent Charles Gregory Riley's suicidal tendencies at the time of his incarceration in the Randolph County Justice Center on or about June 2, 2009.

63. Defendants, through their departments, employees or agents were aware that the decedent, Charles Gregory Riley, was prescribed medication for anxiety and/or depression at the time of his incarceration in the Randolph County Justice Center on or about June 2, 2009.

64. Defendants, through their departments, employees or agents were aware that the decedent, Charles Gregory Riley, was prescribed Citalopram.

65. Defendants, through their departments, employees or agents were aware that the decedent, Charles Gregory Riley, had attempted suicide prior to being arrested and had attempted suicide while in Defendants' custody.

66. Defendants, through their departments, employees or agents were aware that the

decedent, Charles Gregory Riley, was facing a crisis situation as defined in Randolph County Sheriff's Office Policy #40 dealing with suicide prevention in that Defendants were aware that the decedent had just been told he was facing forty-eight years (48) of prison time and would not be able to see his children.

67. Defendants, through their departments, employees or agents were aware that the decedent, Charles Gregory Riley, was suffering from serious clinical depression as defined in Randolph County Sheriff's Office Policy #40 dealing with suicide prevention in that Defendants were aware that the decedent had exhibited signs such as crying, general anxiety, and past suicide attempts prior to committing suicide.

68. Defendants, through their departments, employees or agents were aware that the decedent, Charles Gregory Riley, was an impulsive inmate as defined in Randolph County Sheriff's Office Policy #40 dealing with suicide prevention in that Defendants were aware that the decedent had threatened suicide while in the custody of Defendants.

69. Defendants, through their departments, employees or agents were aware that the decedent, Charles Gregory Riley, was at high risk for suicide as described in Randolph County Sheriff's Office Policy #40 dealing with suicide prevention in that Defendants were aware that the decedent had just heard bad news about himself and his family.

70. Despite displaying all the signs and symptoms of a high risk suicidal inmate according to the Defendant Randolph County's own suicide prevention policies, the decedent was not classified as high risk for suicide nor placed on any kind of suicide watch.

71. That at all times mentioned herein Defendants acted negligently, recklessly and with gross negligence in one or more of the following particulars by:

a. Failing to provide adequate supervision to the decedent, Charles Gregory

Riley;

b. Failing to investigate and ensure proper supervision for the decedent, Charles Gregory Riley;

c. Failing to provide adequate medical care to the decedent, Charles Gregory Riley;

d. By failing to communicate the decedent Charles Gregory Riley's medical needs to fellow officers and other agencies upon transfer of the care, custody and control of decedent, Charles Gregory Riley;

e. By permitting the decedent, Charles Gregory Riley, to have bed sheets and other items by which he could injure himself;

f. By failing to adequately monitor the decedent, Charles Gregory Riley;

g. Negligently, carelessly and recklessly failing to make any search of the decedent Charles Gregory Riley and to confiscate anything which he could use to injure himself, including a bed sheet;

h. Negligently, carelessly and recklessly failing to take the bed sheets from Charles Gregory Riley;

i. Negligently carelessly and recklessly failing to make cell checks of Charles Gregory Riley and to provide adequately for his safety, safekeeping and well being;

j. Negligently, carelessly and recklessly failing to restrain and constantly supervise Charles Gregory Riley when they knew, or had reason to know that he was a suicidal risk;

k. Negligently, carelessly and recklessly failing to take seriously and ignoring

the communications from Charles Gregory Riley that he was a suicidal risk and failing to take any measures whatsoever to prevent his suicide;

l. By failing to adopt a comprehensive suicide prevention program;

m. By failure to adequately train, supervise and monitor employees and other staff members;

n. By failure to initiate appropriate intake screening and/or assessment of the decedent, Charles Gregory Riley;

o. Failure to ensure adequate and safe housing of the decedent, Charles Gregory Riley;

p. Failure to initiate the appropriate level of supervision of Charles Gregory Riley;

q. Failure to appropriately and timely intervene in the suicide of Charles Gregory Riley;

r. Failure to initiate an administrative review of the events immediately prior to and subsequent to the suicide of Charles Gregory Riley;

s. Negligently, carelessly and recklessly failing to take seriously and ignoring the decedent Charles Gregory Riley's past suicide attempts and attempts to do serious harm to himself;

t. Negligently, carelessly and recklessly failing to take seriously and ignoring the decedent Charles Gregory Riley's serious mental health problems;

u. Negligently, carelessly and recklessly failing to take seriously and ignoring the decedent Charles Gregory Riley's past hospitalizations for mental/emotional problems.

v. Negligently, carelessly and recklessly placing the decedent Charles Gregory Riley in a cell with multiple metal tie off points which the decedent could and did use to kill himself;

72. At all times mentioned herein, Defendants acted recklessly and with gross negligence in failing to monitor and adequately supervise the decedent, Charles Gregory Riley, and the failing to provide adequate supervision and law enforcement services to the decedent while he was in the care, custody, and control of the Defendants.

73. Each and every one of the above mentioned acts or omissions of negligence on the part of the Defendants and each of them, was the direct, proximate and sole cause of the death of Charles Gregory Riley.

74. As the direct, proximate, and sole result of each, and every one, of the acts or omissions of Defendants, and each of them, Charles Gregory Riley died as a result of suicide by hanging.

75. The decedent, Charles Gregory Riley, was caused to suffer severe physical and mental pain from the time of his injuries to the time of his death and pursuant to Section 537.090 of the Revised Statutes of Missouri, Plaintiffs are entitled to recover damages for said physical and mental pain and anguish.

76. Plaintiffs have sustained the following damages:

a. Funeral and burial expenses;

b. The conscious pain and suffering of the deceased prior to his death;

c. The past and future loss of services, consortium, companionship, comfort, instruction, guidance, counsel, training and support.

77. At all times mentioned herein, the circumstances giving rise to the death of

Charles Gregory Riley were attended by aggravating circumstances in that Defendants acted in a negligent, careless, imprudent and reckless manner, totally without though as to the safety and welfare of others and with complete indifference to the conscious disregard for the safety of Charles Gregory Riley.

WHEREFORE, Plaintiffs pray for judgment on Count III against Defendants, jointly and severally, in an amount that is fair and reasonable for their damages, together with any lawful interest, costs, punitive damages and for such other relief as the Court deems just and proper.

Respectfully submitted,

WUESTLING & JAMES, L.C.

By: _/s/ *Susan M. Schwartzkopf*_
Thomas E. Fagan, #43607MO
Susan M. Schwartzkopf, #57434MO
Attorneys for Plaintiffs
720 Olive Street, Suite 2020
St. Louis, MO 63101
(314) 421-6500
(314) 421-5556 Fax
fagan@wuestlingandjames.com
schwartzkopf@wuestlingandjames.com

**CERTIFICATE OF SERVICE**

I certify that on the 28th day of June, 2011, the foregoing was filed electronically with the clerk of the Court to be served upon by operatic of the Court's electronic filing system upon the following:

John B. Morthland - jbmorthland@wasingerlaw.com
Amy L. Ohnemus – alohnemus@wasingerlaw.com

_/s/ *Susan M. Schwartzkopf*_